# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

LAFRANCES L. BAILEY-MOORE,
        Appellant,

        v.

DEPARTMENT OF THE NAVY,
        Agency.

DOCKET NUMBER
SF-0752-15-0640-I-1

DATE: January 22, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>LaFrances L. Bailey-Moore</u>, Jacksonville, Florida, pro se.

<u>Loren Baker</u>, Barstow, California, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her involuntary resignation appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2      Effective June 3, 2015, the appellant resigned from her GS-09 Supervisory Public Safety Emergency Dispatcher position in Barstow, California. Initial Appeal File (IAF), Tab 5 at 9. Beginning in late April 2015, the appellant requested and received sick leave while in Jacksonville, Florida, where she had traveled for personal reasons. IAF, Tab 7 at 1, 36, 66. However, her supervisor declined to approve sick leave after May 26, 2015, and placed her in an absent without official leave (AWOL) status beginning that date. *Id.* at 12-13, 18-19, 25, 32-38, 56-68, 70-71, 75-76. On her resignation form, the appellant indicated that she was resigning because the agency did not approve a request for "emergency leave" or "correct [her] AWOL" from the prior pay period.[2] IAF, Tab 5 at 9.

¶3      The appellant subsequently filed a Board appeal. IAF, Tab 1 at 1-3. In an acknowledgment order, the administrative judge ordered the appellant to file

---

[2] Regarding the AWOL, the appellant may have been referring to leave requested for May 15, 2015, which her supervisor advised her was corrected after he initially designated it as unauthorized in error. IAF, Tab 7 at 36.

evidence and argument establishing why the appeal should not be dismissed for lack of jurisdiction. IAF, Tab 2 at 3-4. In response, the appellant claimed that she involuntarily resigned from her position, pointing to a number of work-related matters ranging from mistreatment by her subordinates to improper classification of her position. IAF, Tab 3 at 5-6. She further alleged that she had filed a complaint with the Office of Special Counsel (OSC), *id.* at 5, and submitted evidence to support her allegations, *id.* at 7-161. The administrative judge then issued a jurisdiction order apprising the appellant of the burden of proving the Board's jurisdiction over her involuntary resignation and retaliation claims. IAF, Tab 4. He ordered the appellant to file evidence and argument on the jurisdictional issue. *Id.* at 3, 9. In response, the appellant filed a narrative statement detailing the alleged instances of discrimination, retaliation, and harassment that she alleged forced her to resign, and providing further documentation. IAF, Tab 7. The agency argued that the administrative judge should dismiss the appeal for lack of jurisdiction. IAF, Tab 5 at 4-6, Tab 6 at 2-4.

¶4 Without holding the requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 3 at 5, Tab 9, Initial Decision (ID) at 1, 13. Specifically, he found that the appellant failed to nonfrivolously allege Board jurisdiction based on an involuntary resignation. ID at 10-12. He further found that she failed to nonfrivolously allege jurisdiction over an individual right of action (IRA) appeal. ID at 12-13. Finally, he found that the Board lacked jurisdiction over her discrimination and retaliation claims absent an otherwise appealable action. ID at 13.

¶5 The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. She also has submitted new documentation on review. PFR File,

Tabs 3, 7. The agency has filed a response in opposition, PFR File, Tab 5, to which the appellant has replied, PFR File, Tab 6.[3]

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6      In her petition for review, the appellant claims that she was denied a hearing and disputes the administrative judge's finding that the Board lacks jurisdiction over her appeal. PFR File, Tab 1 at 3. Specifically, she alleges that the Board has jurisdiction over her equal employment opportunity (EEO) and OSC complaints. *Id.* at 3-7. She also reiterates her argument that she was forced to resign due to her work environment. *Id.* at 6-7; PFR File, Tab 6 at 3-4. For the reasons discussed below, we find that the administrative judge properly dismissed the appeal without holding a hearing because the appellant failed to make a nonfrivolous allegation of Board jurisdiction.

The appellant has failed to make a nonfrivolous allegation of Board jurisdiction over her involuntary resignation claim.

¶7      The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). In an involuntary resignation claim such as this one, the appellant has the burden of proving the Board's jurisdiction by a preponderance of the evidence.[4] *Freeborn v. Department of Justice*, 119 M.S.P.R. 290, ¶ 9 (2013); 5 C.F.R. § 1201.56(b)(2)(i)(A). Generally,

---

[3] The appellant's pleading is titled, "Cross Petition for Review." A cross petition for review is a pleading that is filed by a party when another party has already filed a timely petition for review. 5 C.F.R. § 1201.114(a)(2). Because the appellant is the party that filed a petition for review, she cannot also file a cross petition for review, and we instead consider her pleading to be a reply to the agency's response. *See* 5 C.F.R. § 1201.114(a)(4).

[4] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

if an appellant makes a nonfrivolous allegation[5] of Board jurisdiction over an appeal, she is entitled to a jurisdictional hearing. *See Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1344 (Fed. Cir. 2006) (en banc).

¶8        An employee-initiated action, such as a resignation, is presumed to be voluntary, and thus, outside the Board's jurisdiction. *Searcy v. Department of Commerce*, 114 M.S.P.R. 281, ¶ 12 (2010). However, an employee may establish Board jurisdiction over an involuntary resignation by proving that she lacked a meaningful choice in the matter and the agency's wrongful actions deprived her of that choice. *Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶¶ 8, 11 (2013). Among the ways that an employee can establish involuntariness is by proving that the agency obtained the action through duress or coercion. *Searcy*, 114 M.S.P.R. 281, ¶ 12. The touchstone of a voluntariness analysis is whether, considering the totality of the circumstances, factors operated on the employee's decision-making process that deprived her of freedom of choice. *Id.* Intolerable working conditions may render an action involuntary if the employee demonstrates that the employer or agency engaged in a course of action that made working conditions so difficult or unpleasant that a reasonable person in that employee's position would have felt compelled to resign. *Id.*

¶9        As the administrative judge properly found, the appellant has failed to make a nonfrivolous allegation that her resignation was involuntary. ID at 10-12. The appellant argued below, and reiterates on review, that the alleged incidents of harassment and discrimination that occurred between her promotion to a supervisory position in November 2014, and her resignation in June 2015, forced her to resign. IAF, Tab 3 at 5-6, Tab 5 at 9-10, Tab 7 at 1-7; PFR File, Tab 1 at 6-7, Tab 6 at 3-4. The specific incidents the appellant raised include her performance of work while off duty, the agency's failure to follow administrative

---

[5] A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s).

guidelines, improper classification of her position,[6] lack of training for her position, lack of support from her supervisors in dealing with her subordinates, abuse by her subordinates in the grievance process, the destruction of a posted work schedule, and nepotism.  IAF, Tab 3 at 5-6, Tab 7 at 1-7, 41, 68, 70-71, 74; PFR File, Tab 1 at 6-7, Tab 6 at 3-4.

¶10    However, an employee is not guaranteed a working environment free of stress.  *Miller v. Department of Defense*, 85 M.S.P.R. 310, ¶ 32 (2000). Dissatisfaction with work assignments, a feeling of being unfairly criticized, or difficult or unpleasant working conditions generally are not so intolerable as to compel a reasonable person to resign. *Id.*; *see, e.g.*, *Brown v. U.S. Postal Service*, 115 M.S.P.R. 609, ¶¶ 13-15 (finding that the appellant failed to make a nonfrivolous allegation of an involuntary retirement where she alleged that members of management set her up to fail a supervisory assignment with inadequate resources), *aff'd*, 469 F. App'x 852 (Fed. Cir. 2011); *Searcy*, 114 M.S.P.R. 281, ¶ 13 (finding that the appellant's allegations that his supervisor denied his request for advanced leave, spoke to him in a disrespectful way, and did not provide him any assistance with his work assignments did not evince intolerable working conditions).  Further, the fact that the appellant was on leave—albeit some of it designated as AWOL—for at least a month prior to her resignation undermines her claim that incidents in the workplace forced her to resign. *See Axsom v. Department of Veterans Affairs*, 110 M.S.P.R. 605, ¶ 16 (2009) (finding that alleged incidents of harassment, retaliation, and discrimination figured only tangentially into an appellant's decision to resign, if at all, where they preceded the decision to resign by several months).

---

[6] To the extent that the appellant is attempting to assert that her position was improperly classified, we consider that claim only in the context of her alleged involuntary resignation. *Saunders v. Merit Systems Protection Board*, 757 F.2d 1288, 1290 (Fed. Cir. 1985) (observing that the Board lacks jurisdiction over classification appeals).

¶11      The appellant also reiterates her allegations that the agency improperly denied her annual and sick leave and placed her in an AWOL status in retaliation for filing an EEO complaint.  IAF, Tab 3 at 6, Tab 7 at 1; PFR File, Tab 1 at 7, Tab 6 at 3.  However, even if the appellant's AWOL status was unwarranted, the agency's actions were not coercive because she could have chosen to contest them rather than resigning.  *See Garcia*, 437 F.3d at 1329 (explaining that a resignation is not involuntary if the employee had a choice of whether to resign or contest the validity of the agency action) (citation omitted); *see, e.g.*, *Axsom*, 110 M.S.P.R. 605, ¶¶ 13-14 (finding that the agency's request for medical documentation and threat of AWOL did not render the appellant's resignation involuntary).  The agency only had begun designating the appellant's leave as AWOL during the week prior to her resignation, and she has neither alleged nor provided evidence that the agency threatened her with an adverse action based on the AWOL designation.  IAF, Tab 7 at 25, 33-34, 36, 60, 64, 70-71.  Considering the totality of the circumstances, we find that the appellant has failed to make a nonfrivolous allegation of an involuntary resignation.

The appellant has failed to make a nonfrivolous allegation of Board jurisdiction over an IRA appeal.

¶12      The Board has jurisdiction over an IRA appeal if the appellant exhausts her administrative remedies before the OSC and makes nonfrivolous allegations that: (1) she made a disclosure described under 5 U.S.C. § 2302(b)(8), or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a).  5 U.S.C. §§ 1214(a)(3), 1221(e)(1); *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001).  An appellant who meets her jurisdictional burden is entitled to a hearing on the merits.  *Carney v. Department of Veterans Affairs*, 121 M.S.P.R. 446, ¶ 11 (2014).

¶13     Below, the appellant stated that she filed a complaint with OSC. IAF, Tab 3 at 5. In a jurisdiction order, the administrative judge then properly informed the appellant of her burden of establishing jurisdiction over an IRA appeal. IAF, Tab 4 at 3-9. The appellant submitted an OSC letter acknowledging that she had contacted the OSC Disclosure Unit, which was forwarding her allegations to OSC's Complaints Examining Unit for processing; however, she did not substantively respond to the administrative judge's order. IAF, Tab 7 at 11. In the initial decision, the administrative judge found that the appellant failed to adequately explain how she exhausted her administrative remedies before OSC. ID at 12-13; *see* 5 U.S.C. § 1214(a)(3); *Garrison v. Department of Defense*, 101 M.S.P.R. 229, ¶ 6 (2006).

¶14     On review, the appellant argues that the Board has jurisdiction over her OSC complaint and submits another OSC letter stating that her complaint is under active consideration. PFR File, Tab 1 at 3, 6, Tab 6 at 6. Although she may now have exhausted her OSC remedy because 120 days have passed since she filed her OSC complaint, she still has not identified her protected disclosure or activity or that it was a contributing factor in the agency's decision to take or fail to take a personnel action. IAF, Tab 4 at 4-9.

¶15     To the extent that the appellant is alleging that the agency denied her leave and placed her in an AWOL status in retaliation for filing an EEO complaint, her EEO complaint cannot form the basis of an IRA appeal. PFR File, Tab 1 at 7, Tab 6 at 3. Reprisal for filing an EEO complaint is a prohibited personnel practice under 5 U.S.C. § 2302(b)(1) and (b)(9), not 5 U.S.C. § 2302(b)(8). *See Mahaffey v. Department of Agriculture*, 105 M.S.P.R. 347, ¶ 20 n.8 (2007) (clarifying that a claim of retaliation for filing an EEO complaint may be pursued under either 5 U.S.C. § 2302(b)(1) or (b)(9)). The Whistleblower Protection Enhancement Act of 2012 (WPEA) extended the Board's jurisdiction over IRA appeals to claims of reprisal for filing complaints seeking to remedy a protected disclosure, but not to other types of complaints. 5 U.S.C. §§ 1221(a),

2302(b)(9)(A); *Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶ 7 (2013). Because the appellant's informal EEO complaint does not itself seek to remedy whistleblower reprisal, we find that it is not protected activity under the WPEA, and thus, cannot form the basis of an IRA appeal. PFR File, Tab 6 at 8-9. Accordingly, we agree with the administrative judge's finding that the appellant has failed to nonfrivolously allege jurisdiction over an IRA appeal. ID at 13.

¶16 After considering the appellant's arguments on review, we agree with the administrative judge's finding that the appellant failed to make a nonfrivolous allegation of Board jurisdiction and we affirm the initial decision.[7]

The Board lacks jurisdiction over the appellant's informal EEO complaint.

¶17 The appellant alleges that the Board has jurisdiction over her informal EEO complaint because the agency did not agree to alternative dispute resolution, was slow in processing her claim, and has provided little guidance. PFR File, Tab 1 at 3-5, Tab 6 at 3-4. However, the Board lacks the independent authority to review an informal EEO complaint or an agency's EEO complaint process. *See* 5 C.F.R. §§ 1201.2-1201.3. Although the Board has the authority to review discrimination claims raised in a mixed-case appeal when it has jurisdiction over the underlying action, as we have found above, the appellant has failed to make a nonfrivolous allegation of Board jurisdiction over an otherwise appealable action. 5 U.S.C. § 7702(a)(1); *Lethridge v. U.S. Postal Service*, 99 M.S.P.R. 675, ¶ 8 (2005); *see* 5 C.F.R. §§ 1201.3(a)-(b) (listing matters that fall within the Board's appellate jurisdiction), 1201.151(a) (defining the scope of the Board's jurisdiction in mixed-case appeals as limited to those raising a personnel action appealable to

---

[7] The letter submitted by the appellant on review from the Federal Labor Relations Authority does not provide a reason to disturb the initial decision because it is immaterial to the dispositive jurisdictional issue. PFR File, Tab 6 at 5; *see Harrison v. Department of Transportation*, 16 M.S.P.R. 135, 136 n.1 (1983) (finding that no law, rule, or regulation has created an independent right to appeal a claim of an agency's unfair labor practice to the Board); *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980); *see also* 5 C.F.R. § 1201.115(d).

the Board). Thus, the appellant's allegations regarding her informal EEO complaint, and the documentation she has provided concerning EEO matters, do not provide a reason to disturb the initial decision, and are not material to our jurisdictional determination. PFR File, Tab 6 at 7-15, Tab 7; *see Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (finding that the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision); *see also* 5 C.F.R. § 1201.115(d).

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance

is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.